# Dush *v.* Harbison-Walker Refractories Company, Appellant.

*Negligence—Master and servant—Safe place to work—Defect in skylight—Rain—Slippery floor—Assumption of risk—Promise to repair defects—Case for jury.*

In an action by an employee against a manufacturing company to recover for personal injuries sustained in consequence of falling upon a runway made slippery by rain water which fell from a defective skylight in the roof of the building, where it appeared that plaintiff had previously slipped and fallen without sustaining any injury, that he at once made complaint to defendant's superintendent, who promised to have the necessary repairs made; that no repairs were made but that plaintiff continued to work until the time of the accident which occurred almost four months after the complaint was made, the questions whether plaintiff had assumed the risk and whether a reasonable time had elapsed for defendant to make the repairs were for the jury and a verdict for the plaintiff will be sustained.

Argued April 17, 1917. Appeal, No. 370, Jan. T., 1916, by defendant, from judgment of C. P. Clearfield Co., May T., 1916, No. 7, on verdict for plaintiff, in case of George H. Dush v. Harbison-Walker Refractories Company. Be-

fore BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,302.50 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and answers to points.

*W. C. Miller,* with him *H. B. Hartswick,* for appellant. —Plaintiff voluntarily assumed the risk: Meixner v. Phila. Brewing Co., 210 Pa. 597; Zeilmann v. McCullough, 214 Pa. 27; Danisch v. Amer, 214 Pa. 105; Sandt v. North Wales Foundry Co., 214 Pa. 215; Lindberg v. National Tube Co., 213 Pa. 545; Powell v. American Sheet & Tin Plate Co., 216 Pa. 618; Lee v. Dobson, 217 Pa. 349.

Even though the plaintiff might have relied upon the promise of the superintendent to have the defects remedied he could only rely upon such promise so long as was reasonably necessary to make the repairs; as he continued in such employment after the lapse of such time he must be considered to have waived the defects and to have assumed the risk himself, even though he did not know that the repairs had not been made: Illinois Steel Co. v. Mann, 170 Ill. 200 (48 N. E. Repr. 417; Hough v. Texas & Pacific Ry. Co., 100 U. S. 213; Eureka Co. v. Bass, 81 Alabama 200 (8 So. Repr. 216); Dowd v. Erie R. R. Co., 57 Atl. Repr. 248; Houston City v. Owen, 67 S. W. Repr. 788; McCluskey v. Garfield & Proctor Coal Co., 61 N. E. Repr. 804; Stalzer v. Jacob Dold Packing Co., 84 Mo. App. 565; Reese v. Clark, 146 Pa. 465; Clader v. Gangewere, 63 Pa. Superior Ct. 174.

The plaintiff was guilty of contributory negligence in attempting to work in a place such as his testimony shows that place to have been: Snyder v. Union Drawn Steel Co., 251 Pa. 451; Owens v. Henderson & Co., 253 Pa. 428.

*Roland D. Swoope* and *James A. Gleason*, for appellee.—A servant does not by remaining in his master's employ with knowledge of defects in the machinery which he is obliged to use, assume the risks attendant on the use of such machinery if he has notified his employer of such defects or protests against them in such a way as to induce a confidence that they will be remedied: Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185; Patterson v. Pittsburgh & Connellsville R. R. Co., 76 Pa. 389; Webster v. Monongahela River Consol. Coal & Coke Co., 201 Pa. 278; Brownfield v. Hughes, 128 Pa. 194; Hollis v. Widener, 221 Pa. 72; Pfeifer v. Allegheny Steel Co., 243 Pa. 256; Dobra v. Lehigh Val. Coal Co., 250 Pa. 313; Collins v. Phila. & Reading Ry. Co., 244 Pa. 211; Maines v. Harbison-Walker Co., 213 Pa. 145.

OPINION BY MR. JUSTICE STEWART, June 30, 1917:

This was an action brought by an employee to recover damages for injury sustained while engaged in work for his employer. The defendant company's business was the manufacture of fire brick; the plaintiff's task in connection therewith was to run the clay and other stock from the bins where placed, to the pans in which it was to be ground. The distance was inconsiderable; as a witness stated, about the length of the court room. Extending from the bins to the pans a railway track had been laid on a runway, slightly elevated above the floor. The clay or other material required to be carried were pushed along and over this runway in cars provided. Directly over the runway was a skylight in the roof of the building. In the early part of June, 1915, the plaintiff, whose employment was what we have above indi-

cated, while so engaged slipped and fell, without, however, sustaining any serious injury, but enough to call his attention to the situation under which the work was being required to be done. He observed that panes of glass were missing from the skylight; and through the opening thus made the rain had penetrated, with the result that it fell upon the runway, and mixing with the fine clay and dust, that had thereon accumulated from constant use, made the runway or platform muddy and slippery. He referred his fall to this defect in the skylight, and at once made complaint to defendant's superintendent, who promised to have the necessary repair made. No repair was made; the plaintiff, however, continued to work as before until the early part of September following, when he again slipped and fell from like cause, with more serious result. On this occasion he had resumed his work at the usual hour; the platform was wet, muddy and slippery in consequence of the heavy rain that had fallen the night before; he had been at work only a short time when he met with a like fall in consequence of the unsafe condition of the runway and sustained the injury of which he complains.

In a very careful and satisfactory charge, the learned trial judge submitted the case to the jury, with the result that a verdict was rendered in favor of the plaintiff. A motion for judgment n. o. v. was refused, and the appeal is from such order of refusal. The negligence of the defendant was abundantly established. No complaint is made of the finding of the jury in that regard; nor to the finding that the plaintiff was injured in the way he testified. While there are several assignments of error, they all go to the refusal of points submitted, which, to have affirmed, would have been equivalent to giving binding instructions for the defendant. Since we are about to state our conclusion with respect to the controlling question in the case, these assignments need not be considered. The case presents a single question calling for consideration here. Did the fact that plaintiff continued

in his employment from the time he received the promise from the superintendent to have the defect in the skylight corrected down until September when the accident befell him, knowing that the defect had not been corrected, amount to a waiver on his part of the defendant's negligence, and did the plaintiff, in resuming his work the day the accident happened, assume the risk? We can do no better than repeat here what is said by the learned trial judge in refusing the motion for a new trial: "The propositions on which the case turns are, whether or not more than a reasonable time had elapsed from the time the promise to fix was made by Sterling, considering all the peculiar circumstances of the case, and whether or not the danger was so obvious and imminent that a reasonable and prudent man would have refused to go on. Considering the character of the work and the manner in which it was performed, the nature of the defect alleged and that it existed only occasionally, it is evident that an entirely different condition is presented as to what constitutes a reasonable time than would exist in the case of a defect continuous and always a source of some risk, and under the peculiar facts we do not think the court is justified in saying, as a matter of law, that more than a reasonable time had elapsed. So too, in consideration of the fact that the plaintiff had long worked on this runway, that other employees worked during other shifts at times when the runway was exposed to rain in exactly the same manner as when he was working, and considering that a considerable number of laborers must necessarily work under conditions which make their footing slippery, we do not think that it can be said as matter of law that the danger of accident was so imminent and obvious that a reasonable and prudent man would have refused to go on. Upon both of these propositions we think that the question was for the jury." In what is here said we entirely agree. The assignments of error are overruled and the judgment is affirmed.